# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIANA BRADIE TIMBERLAKE,**
**and TREYMANE JAI ROBINSON,**

    **Plaintiffs,**

vs.                                       Case No.  4:23cv405-MW-MAF

**ROUNTREE MOORE NISSAN,**
**MORGAN AUTO GROUP,**
**and DANIEL MANALIS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding pro se, filed a civil complaint to this Court, ECF No. 1, asserting jurisdiction based on a number of alleged violations of federal law, including the Truth in Lending Act, Wire Fraud, and Bank Fraud, *inter alia*.  *Id.* at 7.  Plaintiffs paid the filing fee at the time of case initiation.  ECF No. 2.  They have most recent filed a "motion for transfer of venue."  ECF No. 4.

Plaintiffs are residents of Illinois.  ECF No. 1 at 2.  Defendants are located in Lake City and Tampa, Florida.  *Id.* at 2-3.  Presumably,

Defendants' actions took place in those areas which are located in the territorial jurisdiction of the United States District Court for the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case has been initiated in the wrong district. Venue is appropriate in the Middle District of Florida because the Defendants reside there and, presumably, Plaintiff's claims took place there as well. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Orlando Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, Plaintiffs' motion for transfer of venue, ECF No. 4, should be granted and this case transferred.

Case No. 4:23cv405-MW-MAF

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that Plaintiffs' motion for transfer of venue, ECF No. 4, be **GRANTED**, and this case should be transferred to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv405-MW-MAF